UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Buoy Unlimited, Inc., a Florida corporation
    Plaintiff,

v.

Hanesbrands, Inc., a Maryland corporation;
Hanesbrands Direct, LLC, a Colorado
limited liability company; and,
Playtex Marketing Corporation,
a Delaware corporation,

    Defendants.
_____/

Case No. _____

6:15-CV-296-ORL-28-KRS

**JURY TRIAL DEMANDED**

FILED

## COMPLAINT FOR PATENT INFRINGEMENT

    Plaintiff, Buoy Unlimited, Inc., a Florida corporation ("Buoy"), by and through its

undersigned counsel, files this complaint for patent infringement against Defendants

Hanesbrands, Inc. ("Hanesbrands"), a Maryland corporation; Hanesbrands Direct, LLC, a

Colorado limited liability company; and, Playtex Marketing Corporation, a Delaware

corporation, all collectively herein "Hanes Defendants" and hereby demands a jury trial and

alleges as follows:

### The Parties

    1.    Buoy is a Florida corporation with its principal place of business at 100 Tampa

Avenue, Indialantic, Brevard County, Florida 32903.

    2.    Buoy is a women's apparel company and is the sole owner of United States

patents numbers. 7,938,710 (the " '710 Patent") issued on May 10, 2011; 8,506,350 (the " '350

Patent") issued on August 13, 2013; and 8,753,170 (the " '170 Patent") issued on June 17, 2014.

3.      Hanesbrands is a Maryland corporation registered to do business in Florida as a foreign corporation. Hanesbrands' principal place of business is 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105. Defendant Hanesbrands is a manufacturer and seller, among other things, of women's apparel.

4.      Upon information and belief, Hanesbrands is a fifty percent owner of Playtex Marketing Corp. and is the parent company of Hanesbrands Direct, LLC, exercising ultimate dominion and control over Hanesbrands Direct, LLC.

5.      Playtex Marketing Corporation ("Playtex"), a Delaware corporation, is a seller of women's apparel under the Playtex brand. Playtex is jointly owned by Hanesbrands and another company.

6.      Defendant Hanesbrands Direct, LLC, ("Hanesbrands Direct") a Colorado limited liability company, is registered to do business in Florida as a foreign corporation and also operates in Florida under the registered fictitious names "Champion" and "Bali Playtex Champion". Defendant Hanesbrands Direct is a seller of women's apparel under the Champion, Bali and Playtex brands. Hanesbrands Direct does business in Florida via outlet stores.

### Jurisdiction and Venue

7.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271.

8.      This Court has original and exclusive jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendants pursuant to Rule 4, Fed. R. Civ. P. and Florida's Long Arm Statute for at least the following reasons:

2

a. All Hanes Defendants are conducting business in Florida and have caused, and continue to cause, injury to Buoy in this District. Such injury includes the sale of products in this District that infringe one or more claims of the Buoy Patents.

b. Jurisdiction over Defendant Hanesbrands is also proper because Hanesbrands is a foreign registered corporation in Florida and, upon information and belief, is doing business in Florida. Further, upon information and belief, Hanesbrands advertises its products for the purposes of selling them in this state via advertising in this state and specifically this district.

c. Jurisdiction over Defendant Hanesbrands Direct is furthermore proper because Defendant Hanesbrands Direct is a foreign registered corporation in Florida. Hanesbrands Direct also routinely does business within this district via at least four Orlando outlet stores located at 4973 International Drive (a Hanes outlet), 4965 International Drive (a Bali outlet), 4967 International Drive (a Maidenform outlet) and 4951 International Drive (a Champion outlet) (collectively the "Orlando Outlets").

d. Jurisdiction over Playtex, is proper because it makes, uses, offers to sell, sells or imports into the United States in this district Playtex products and products bearing its trademark (i.e. Playtex) that infringe the Buoy Patents.

e. Additionally, Hanesbrands and Playtex do business throughout the United States with sales and products which are pervasive. As such, Hanesbrands and Playtex are subject to general jurisdiction in Florida as their products are ubiquitous.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (d) as well as 28 U.S.C. § 1400(b) because personal jurisdiction would otherwise be proper in this District

3

for the reasons stated in the preceding paragraphs and because all defendants have committed acts of patent infringement in this District.

11.     Venue is furthermore proper in this District as to Hanesbrands Direct because it has a regular and established place(s) of business in this District, i.e. the Orlando Outlets.

### Factual Background

12.     Buoy is owned by Robert and Yvonne Silverman ("the Silvermans") who are the co-inventors of the inventions covered by the Buoy Patents.

13.     The Buoy Patents describe and claim certain improvements in the art of breast support garment design.

14.     Prior to the invention of the breast support garment described and claimed in the Buoy Patents, there were two classic breast support garment designs. The first is a garment consisting of two pre-formed cups that attach to an elastic band that encircles the wearer's torso and sometimes incorporates an underwire. The second is a so-called shelf design that does not incorporate a cup but instead provides a shelf upon which the wearer's breasts rest.

15.     In wearing the classic garment types, Yvonne noted that both created an uncomfortable pressure on the sternum of the wearer and, at least in the case of the shelf design, failed to provide an attractive appearance.

16.     In light of such experience, the Silverman's set out to develop a device that would address the sternum-pressure problem and at the same time provide an attractive appearance when worn.

17.     In general, the Buoy Patents eschew the use of pre-formed cups (including an underwire) or shelf and instead use certain banding/material strips (generally speaking) to reduce

4

or largely eliminate sternum pressure, create a buoyant lifting of the breasts and, in certain embodiments, include adjustable cups, all while creating an attractive appearance.

18.     This novel approach has created an improved support garment that has certain commercial benefits among them being comfort for the wearer and a more attractive appearance.

19.     Buoy has practiced the invention described and claimed in the Buoy Patents, producing and selling brassiere products incorporating the device and related apparel for sale to the retail and wholesale markets in the United States and internationally.  Buoy is a small privately held company.

20.     The first invention the Silverman's conceived to address the shortcomings of the prior art became patent number 7,938,710 issued on May 10, 2011.

21.     The second invention the Silverman's conceived to address shortcomings of the prior art became patent number 8,506,350 issued on August 13, 2013.

22.     The third invention the Silverman's conceived to address shortcomings of the prior art became patent number 8,753,170 issued on June 17, 2014.

23.     The '710, '350 and '170 patents are collectively the "Buoy Patents".

24.     The Buoy Patents were assigned to Buoy by the Silverman's on December 12, 2013, the assignments being filed in the United States Patent and Trademark Office on December 16, 2013.

25.     Buoy has continuously held title in the Buoy Patents from December 12, 2013, to the present.  As a result of the assignment of the Buoy Patents, Buoy alone has standing to bring this complaint against the Hanes Defendants for infringement of the Buoy Patents.

26.     Buoy possesses all rights of recovery under the Buoy Patents.

5

27.     In contrast to Buoy, Hanesbrands is a large, publicly traded company that is ranked 530th on Fortune Magazine's list of top-grossing companies. Hanesbrands claims to sell more units of intimate apparel, male underwear, socks, shapewear, hosiery and T-shirts in the United States than any other company, with eighty percent of American households owning Hanesbrands' product.

28.     Thus far, Buoy has identified garments designated as style numbers N9592, N9593, 3484, P844, G265, 21900, X741, BT41, G714, G196, G19F, X069, XT69, M299, HC99, 3381, 1263, 3488, B488, G156 and HC65 as infringing one or more claims of the Buoy Patents. Collectively the "Infringing Products".

29.     Upon information and belief these Infringing Products were manufactured, imported, distributed or sold by Hanes, or Playtex with respect to certain of the Playtex garments, and in turn, distributed by (among others) Hanesbrands Direct here in Florida.

30.     It is this infringing activity that gives rise to liability against all three Hanes Defendants.

<u>Count I</u>
Infringement of U.S. Patent No. 7,938,710
(Defendant Hanesbrands)

31.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

32.     Defendant Hanesbrands has infringed and continues to infringe one or more claims of the '710 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling the Infringing Products in the United States, without any license, either express or implied, to do so.

6

33.     Buoy has been, and will continue to be, damaged by Defendant Hanesbrands' acts of patent infringement as set forth above.

34.     Buoy is entitled to recover from Hanesbrands the damages incurred by Buoy as a result of Hanesbrands' wrongful acts in an amount subject to proof at trial.

35.     Upon information and belief, Hanesbrands' infringement of the '710 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

36.     Hanesbrands' infringement of Buoy's exclusive rights under the '710 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Hanesbrands from any further infringement.

**Count II**
Infringement of U.S. Patent No. 8,506,350
(Defendant Hanesbrands)

37.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

38.     Defendant Hanesbrands has infringed and continues to infringe one or more claims of the '350 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling the Infringing Products in the United States, without any license, either express or implied, to do so.

39.     Buoy has been, and will continue to be, damaged by Defendant Hanesbrands' acts of patent infringement as set forth above.

40.     Buoy is entitled to recover from Hanesbrands the damages incurred by Buoy as a result of Hanesbrands' wrongful acts in an amount subject to proof at trial.

7

41.     Upon information and belief, Hanesbrands' infringement of the '350 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42.     Hanesbrands' infringement of Buoy's exclusive rights under the '350 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Hanesbrands from any further infringement.

## Count III
### Infringement of U.S. Patent No. 8,753,170
### (Defendant Hanesbrands)

43.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

44.     Defendant Hanesbrands has infringed and continues to infringe one or more claims of the '170 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

45.     Buoy has been, and will continue to be, damaged by Defendant Hanesbrands' acts of patent infringement as set forth above.

46.     Buoy is entitled to recover from Hanesbrands the damages incurred by Buoy as a result of Hanesbrands' wrongful acts in an amount subject to proof at trial.

47.     Upon information and belief, Hanesbrands' infringement of the '170 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

8

48.     Hanesbrands' infringement of Buoy's exclusive rights under the '170 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Hanesbrands from any further infringement.

**Count IV**
Infringement of U.S. Patent No. 7,938,710
(Defendant Hanesbrands Direct)

49.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

50.     Defendant Hanesbrands Direct has infringed and continues to infringe one or more claims of the '710 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

51.     Buoy has been, and will continue to be, damaged by Defendant Hanesbrands Direct's acts of patent infringement as set forth above.

52.     Buoy is entitled to recover from Hanesbrands Direct the damages incurred by Buoy as a result of Hanesbrands Direct's wrongful acts in an amount subject to proof at trial.

53.     Upon information and belief, Hanesbrands Direct's infringement of the '710 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

54.     Hanesbrands Direct's infringement of Buoy's exclusive rights under the '710 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Hanesbrands Direct from any further infringement.

9

**Count V**
Infringement of U.S. Patent No. 8,506,350
(Defendant Hanesbrands Direct)

55.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

56.     Defendant Hanesbrands Direct has infringed and continues to infringe one or more claims of the '350 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

57.     Buoy has been, and will continue to be, damaged by Defendant Hanesbrands Direct's acts of patent infringement as set forth above.

58.     Buoy is entitled to recover from Hanesbrands Direct the damages incurred by Buoy as a result of Hanesbrands Direct's wrongful acts in an amount subject to proof at trial.

59.     Upon information and belief, Hanesbrands Direct Direct's infringement of the '350 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

60.     Hanesbrands Direct's infringement of Buoy's exclusive rights under the '350 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Hanesbrands Direct from any further infringement.

10

## Count VI
### Infringement of U.S. Patent No. 8,753,170
### (Defendant Hanesbrands Direct)

61.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

62.     Defendant Hanesbrands Direct has infringed and continues to infringe one or more claims of the '170 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

63.     Buoy has been, and will continue to be, damaged by Defendant Hanesbrands Direct's acts of patent infringement as set forth above.

64.     Buoy is entitled to recover from Hanesbrands Direct the damages incurred by Buoy as a result of Hanesbrands Direct's wrongful acts in an amount subject to proof at trial.

65.     Upon information and belief, Hanesbrands Direct's infringement of the '170 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

66.     Hanesbrands Direct's infringement of Buoy's exclusive rights under the '170 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Hanes Direct from any further infringement.

## Count VII
### Infringement of U.S. Patent No. 7,938,710
### (Defendant Playtex)

67.      Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

68.      Defendant Playtex has infringed and continues to infringe one or more claims of the '710 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

69.      Buoy has been, and will continue to be, damaged by Defendant Playtex's acts of patent infringement as set forth above.

70.      Buoy is entitled to recover from Playtex the damages incurred by Buoy as a result of Playtex's wrongful acts in an amount subject to proof at trial.

71.      Upon information and belief, Playtex's infringement of the '710 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

72.      Playtex's infringement of Buoy's exclusive rights under the '710 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Playtex from any further infringement.

## Count VIII
### Infringement of U.S. Patent No. 8,506,350
### (Defendant Playtex)

73.      Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

12

74.     Defendant Playtex has infringed and continues to infringe one or more claims of the '350 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

75.     Buoy has been, and will continue to be, damaged by Defendant Playtex's acts of patent infringement as set forth above.

76.     Buoy is entitled to recover from Playtex the damages incurred by Buoy as a result of Playtex's wrongful acts in an amount subject to proof at trial.

77.     Upon information and belief, Playtex's infringement of the '350 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

78.     Playtex's infringement of Buoy's exclusive rights under the '350 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Playtex from any further infringement.

### Count IX
Infringement of U.S. Patent No. 8,753,170
(Defendant Playtex)

79.     Buoy refers to and incorporates herein the allegations of paragraphs 1 through 30 in their entirety.

80.     Defendant Playtex has infringed and continues to infringe one or more claims of the '170 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

81.     Buoy has been, and will continue to be, damaged by Defendant Playtex's acts of patent infringement as set forth above.

82.     Buoy is entitled to recover from Playtex the damages incurred by Buoy as a result of Playtex's wrongful acts in an amount subject to proof at trial.

83.     Upon information and belief, Playtex's infringement of the '170 Patent has been willful and deliberate entitling Buoy to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

84.     Playtex's infringement of Buoy's exclusive rights under the '170 Patent will continue to damage Buoy's business, causing irreparable harm for which there is no adequate remedy at law, such that this court should enjoin Playtex from any further infringement.

### Prayer for Relief

WHEREFORE, Buoy prays for judgment as follows:

(1)     An adjudication, pursuant to 35 U.S.C. § 271, that one or more of the Hanes Defendants have directly infringed, contributorily infringed, vicariously infringed, and/or induced infringement of one or more of the claims of the Buoy Patents;

(2)     An award to Buoy of damages adequate to compensate Buoy for Defendants' acts of infringement, such damages to be determined by a jury;

(3)     An award to Buoy of prejudgment and post-judgment interest at the highest rates allowed by law;

(4)     An award to Buoy of enhanced damages, up to and including trebling Buoy's damages pursuant to 35 U.S.C. § 284, for the Hanes Defendants' willful infringement;

(5)     An award of Buoy's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

(6)     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Hanes Defendants, their officers, agents, representatives, and employees, and those persons acting in concert or participation with any of them, and their successors and assigns from further acts of infringement, including but not limited to selling or offering for sale products covered by any of the claims of the Buoy Patents; and,

(7)     Any further relief as this Court may deem just and proper.

## Demand for Jury Trial

Buoy demands a jury trial for all issues so triable.

Dated:  February 25th 2015.

Respectfully submitted,

_____
Stephen C. Thomas
FBN: 641006
Stephen.Thomas@lowndes-law.com
W. Drew Sorrell
FBN: 160903
Drew.Sorrell@lowndes-law.com
Lowndes, Drosdick, Doster, Kantor & Reed, PA
215 North Eola Drive
Orlando, Florida 32801
407-843-4600
407-843-4444 (F)
*Counsel for Plaintiff Buoy Unlimited, Inc.*